"So answers Jos. NICHOLSON, Shff. Q. A. C." and the *"Cepi Corpus"* to be struck out.

——§——

## OCTOBER TERM, 1767.

### RUFF's Lessee, *vs.* WEBSTER.

EJECTMENT for a tract of land called *Daniel's Lot Revised,* containing 570 acres; also for a tract of land called *Strawberry Hills*, both lying in Baltimore county. The last tract appears not to have been in dispute. The defendant took defence on warrant, and plots were returned.

The plaintiff's title was a patent of confirmation of *Daniel's Lot Revised*, granted to *Richard Ruff* on the 3d of November 1753; that *Richard Ruff* had been dead 7 or 8 years, leaving *Richard Ruff*, the lessor of the plaintiff, his eldest son and heir at law, who arrived at age in June 1764.

The defendant's title was a certificate of survey of *Ranger's Lodge*, made on the 15th of June 1681, for *David Jones*, for 500 acres, and patented to the said *Jones* on the 10th of August 1684, for 500 acres.

A deed for said land, dated the 14th of September 1741, from *James Philips* to *Isaac Webster* the defendant, for 500 acres.

Also the return made by a jury on the 9th of September 1706, under a warrant issued on the 6th of September 1706, in pursuance of the act of assembly of 1699, ch. 18, *for ascertaining the bounds of land. (a)*

The defendant located *Ranger's Lodge* on the plots agreeably to the said return of the jury, thereby covering a part of the plaintiff's tract called *Daniel's Lot Revised.*

*Paca* and *Chase*, for the Plaintiff, objected to the said return being offered in evidence to the jury.

*1st Objection.* The return is not evidence, because the defendant has not laid down *Ranger's Lodge* on the plots returned in this cause, agreeably to the jurors return, and consequently the evidence is not applicable to

(a) See this act—9 *Harr. & M‹Hen.* (Appendix.) And *Land Held. Asst.* (Appendix.)

the plots. The return directs that the tract shall run from the *beginning E.* 314 *perches;* whereas on the plots it runs *N.* 85 *E.* 328 *perches.* In the return, *thence N.* 320 *perches with the said run*—on the plots, *N.* 5 1-2 *W.* 324 *perches, leaving the run.* In the return, *then W.* 250 *perches*—on the plots, *W.* 249 *perches to a bounded white oak;* which varies every course, and sets up a tree, which is neither in the certificate nor in the return of the jurors.

The expressions in the *certificate* of *Ranger's Lodge* made for *Jones,* are "lying in Baltimore county at the head of Bush river, in a branch called Middle Branch, beginning at a *bounded white oak* standing *on the N. E. side of a run called Binam's Run,* and running *E.* 250 *perches* to a bounded *white oak* standing *by a run* called *John James's Run,* thence *with the said run N.* 320 *perches,* then *W.* 250 *perches,* then with a straight line, &c. containing 500 acres.

2d *Objection.* The defendant's case is not within, nor executed pursuant to, the act, on which the jurors return was founded.

The jurors add 50 per cent. and say it is within the first example of the law. But that law only gives 50 per cent. when running *a certain course,* and certain number of perches, *to a bay,* &c. *if the course directs thereto,* and the number of perches fall short, if adding 50 per cent. will reach the bay, &c. the line shall be extended thereto, being *certain, natural* and *unalterable* bounds.

There is no example in the law of *reversing the first course to find a beginning,* which the jurors did in this case to find an artificial beginning, to wit, a tree, and fixed at the beginning without any proof, by a sort of guess; and they gave 64 perches to reach the second tree standing on *John James's Run,* when the law only gives 50 per cent. to reach a bay, creek, &c. *natural boundaries.*

The defendant should shew his case to be expressly within an example of the law, or the court cannot presume it to be within the equity, mischief or intention of the law, and the court is restricted by the last clause of the act.

There is no example in the law, how to find either a first, second, third, or fourth tree, when lost.

Where a tree is lost, no beginning could be set up to prejudice an elder tract, which is done in this case.

There is only *one* instance put in the law, of a tree lost, and that is *of a tree standing in the line of a tract,* but then to hold *only the precise number of perches.*

3d *Objection.* The jurors exceeded their authority; they did not pursue their derivative power; and having done more than is warranted by the act, all is void.

Statutes creating new jurisdictions are to be construed strictly, and are not to be taken by equity.—1 *Str.* 255, 260. *Bac. Ab. tit. Statutes.* And statutes which gave new remedies shall not have a liberal construction—2 *Sid.* 28, 62, 63.

This act cannot be styled wise, technical, or prudent, but with truth may be called *ignorant, unintelligible, illiterate,* and *against natural justice.* It directs no notice to persons interested, as is done by every law since, to wit, 1715, 1718, 1722, 1723. By this act a man may be condemned unheard, his property affected *secretly,* and without any opportunity to support his right; and no judgment can be given against a man not present, unless by his default he neglects to appear.

The law directs the county court to grant a warrant of resurvey and a venire for a jury, *there (i. e.* in such case,) the surveyor to have the same fees as for primitive surveys, and *he* shall certify that by virtue of the warrant, *he* hath resurveyed the land, and that *he* hath resurveyed and regulated the same according to the 1st, 2d, or other example of the law, which certificate, with a fair plot, *shall* be returned to the *examiner* of the county, and being approved by *him,* to the county clerk to be recorded. The governor to appoint the examiner, and he to have fees directed by the law.

In this case, the return is by the jurors and *sheriff,* without any plot, and the surveyor, the principal executive person, not present; no plot returned to the examiner, another necessary officer; and such return repeals or makes void or useless all that part of the law which creates such officers, and points out their office and duty.

The jurors might be surveyors—admit it; yet a surveyor is directed by the law, and the return and plot is no evidence of boundaries unless made by the surveyor, and passed by the examiner, which if done, might give some credit and exactness to the work, and would perpetuate the land in the same view for ever by the plot so returned to the county court and recorded, which we are now deprived of, and the proceedings of the jury in the dark. And here a return by persons not authorised, not deemed capable by the law, without the sanction of the surveyor and examiner, or a plot, is attempted to establish bounds, when the law requires many persons and many acts to constitute such proceedings as proof.

It is apprehended that the jurors by the law were *only* to examine witnesses, and by proof to ascertain the bounds; but in this case they usurped the department of surveyor and examiner.

When an act of parliament directs a thing to be done before *one*, it is an exclusion of all others. 11 *Co.* 59. *Hob.* 259. *Carter*, 36. *Vaugh.* 179. *Plowd.* 206. *Savil*, 36. 1 *Co.* 11. *Holt*, 215. 12 *Mod.* 202. *Yelv.* 26. *Noy*, 46. *Bulst.* 185. *Vin. tit. Authority*, 417.

*Rumsey* and *Johnson*, contra, cited the case of *Crow's Lessee vs. Scott*, decided in this court at April term 1751, and affirmed in the court of appeals. *(a)* Also 1 *Stra.* 46. *Gilb. Evid.* 65. 2 *Raym.* 1375. 1 *Stra.* 608. *Vin.* 420 *pl.* 16, 18, 21, 26, 31, 37, 44.

*Verdict* for the plaintiff as to *Daniel's Lot Revised*, and for the defendant as to *Strawberry Hills.* *Judgment* upon the verdict, &c.